1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| CML-NV ONE, LLC, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Case No.: 2:11-cv-00230-GMN-RJJ |
| CIELO'S EDGE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## Introduction

Plaintiff, CML-NV One, LLC ("CML-NV One"), has sued Defendants, Cielo's Edge, LLC, as well as Franko and Teresa Marretti both in their individual capacities and their capacities as trustees of their family's living trust.  Before the Court is a Motion for Default Judgment, wherein Plaintiff requests that this Court "affirmatively determine its subject-matter jurisdiction."[1]  (Pl.'s Mot. for Default J., ECF No. 16.)  For the reasons set forth herein, Plaintiff's Motion for Default Judgment will be denied for lack of subject-matter jurisdiction.

---

[1] Plaintiff makes this request in light of similar claims which have recently been dismissed due to lack of subject-matter jurisdiction in the District of Nevada. *See Res-NV TVL, LLC v. Town Vistas, LLC*, No. 2:10-CV-1084 JCM (PAL), ECF No. 71 (D. Nev. Oct. 21, 2011); *RES-NV APC, LLC v. Astoria Pearl Creel, LLC*, No. 2-11-CV-00381 LDG (RJJ), ECF No. 32 (D. Nev Nov. 4, 2011).

# I. Procedural History

Plaintiff filed this action on February 10, 2011. (Complaint, ECF No. 1.) Defendants were each served process on March 8, 2011. (Summons, ECF Nos. 9-11.) Defendants did not file a response.  On December 22, 2011 Plaintiff filed a motion for default judgment in the action. (Pl.'s Mot. for Default J.)

# II. Background

Plaintiff, CML-NV One, is a limited liability company suing Defendant, Cielo's Edge, for defaulting on a loan in the amount of $9,333,035.32. (Pl.'s Mot. for Default J.) Franko and Teresa Marretti are also named as defendants in the suit as guarantors of the loan. (*Id.* at 2:21-22.)  The loan was originally extended by Silver State Bank in 2007. (*Id.* at 2:11-12.)  Plaintiff alleges that Defendants did not pay the balance of the loan when it became due. (*Id.* at 3:3-4.)  In September 2008, Silver State Bank was closed, and the Federal Deposit Insurance Corporation (FDIC) became its receiver. (*Id.* at 3:10-12.) The FDIC, to whom Defendants' loan obligations were now owed, transferred the loan to Multibank 2009-1 RES-ADC Venture, LLC ("Multibank"). (*Id.* at 3:13-15.) Subsequently, a 40% interest in Multibank was sold to RL CML 2009-1 Investments, which has since served as Multibank's entities manager. (*Id.* at 3:16-17.)  Multibank then transferred the loan to the Plaintiff in June 2010. (*Id.* at 3:15-17.)

Plaintiff is and has been for all of the relevant times solely owned by Multibank. (*Id.* at 4:17-18.)  Multibank has two owners, the FDIC and RL CML 2009-I, LLC. (*Id.* at 4:18-20.)  RL CML LLC's relevant membership includes Lennar Corporation, a Delaware Corporation with its principal place of business in Florida, and Jeffrey Krassnof, an individual residing in the state of Florida. (*Id.* at 5:2-5.)  The FDIC is a federally chartered corporation. (*Id.* at 5:5-6.)

### III. Legal Standard

Generally, a district court's decision regarding a motion for default judgment is discretionary, and the court may consider a variety of factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In this circumstance, as Plaintiff acknowledges, there is an inherent question as to whether this Court has proper subject-matter jurisdiction over this matter. (Pl.'s Mot. for Default J. 1:20-21.)  Whenever there is doubt as to the existence of subject matter, the court must address it *sua sponte*. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S. Ct. 568, 571-72 (1977); *see Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004).  A district court, finding lack of subject-matter jurisdiction, is entitled to dismiss a claim without having to give notice or opportunity to respond. *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). Subject-matter jurisdiction through diversity of citizenship exists in any case: (a) in which the amount in controversy exceeds $75,000 and (b) which occurs between citizens of different states. 28 U.S.C. § 1332 (2006).  The latter factor is a requirement of "complete diversity," that is, there can be no shared state citizenship between any plaintiff and any defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

/ / /

**IV. Discussion**

A. Doctrinal Analysis

For the purposes of diversity jurisdiction, a limited liability company is considered a "citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006).  Federally chartered corporations, such as the FDIC, are considered to be national citizens, of "no particular state," *Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974), unless the activities of the corporation are confined to a single state. *Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453, 455 (3d Cir. 1959); *see Bankers' Trust Co. v. Texas & P. Ry. Co.*, 241 U.S. 295, 309-10 (1916).  The presence of a party with stateless citizenship has consistently been found to eliminate the possibility of diversity jurisdiction. *Burton v. U.S. Olympic Comm.*, 574 F. Supp. 517, 522 (C.D. Cal. 1983); *Little League Baseball, Inc. v. Welsh Pub. Group, Inc*., 874 F. Supp. 648, 651 (M.D. Pa. 1995); *Federal Deposit Insurance Co. v. National Surety Corp.*, 345 F. Supp. 885 (S.D. Iowa 1972).  The FDIC is a federally chartered corporation that operates nationwide, and therefore is a citizen of no particular state.  Plaintiff, as an LLC which includes the FDIC among its members, shares the FDIC's citizenship status of "no particular state." *See Johnson*, 437 F.3d at 899.  Thus, there is not complete diversity among the parties because of Plaintiff's status as a national citizen, and there is no subject-matter jurisdiction under 28 U.S.C. § 1332.

Nevertheless, Plaintiffs put forth several arguments why this Court has subject-matter jurisdiction.  For the following reasons the Court finds them meritless.

B. Contentions Regarding the Citizenship of the FDIC

Plaintiff argues that this Court should overlook the long line of precedent regarding the citizenship of federally chartered corporations, and hold that the FDIC is a citizen only of its state of incorporation and principal place of business, in this case the District of Columbia. (Pl.'s Mot. for Default J., 9:9-10) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2854 (2011); 28 U.S.C. § 1332 (c)(1) (2006) (defining a corporation generally as a citizen of its state of incorporation and principle place of business)). Implicitly, Plaintiff requests that this Court go against nearly a century of precedent, initiated by the Supreme Court in *Bankers Trust Co. v. Texas & P. Ry. Co*., specifically categorizing federally chartered corporations as national citizens of no particular state. *See, e.g.*, *Bankers Trust Co. v. Texas & P. Ry. Co*., 241 U.S. at 309-10; *Johnson*, 437 F.3d at 899 (9th Cir. 2006). Additionally, the Seventh Circuit has specifically rejected the contention that the FDIC should be considered a citizen of the District of Columbia, because doing so would create diversity jurisdiction in almost every suit against the FDIC, contradicting the clear intent of Congress. *Fed. Deposit Ins. Corp. v. Elefant,* 790 F.2d 661, 666 (7th Cir. 1986). This Court is not persuaded by Plaintiff's request to contradict the undeviating precedent regarding the citizenship of the FDIC, and adheres to the categorization of the FDIC as a national citizen of no particular state.

Plaintiff points to provisions of the Federal Deposit Insurance Act ("FDIA") amendments passed by Congress in 1989 which granted United States district courts federal agency and federal question jurisdiction over cases in which the FDIC is a party. Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101–

73, 103 Stat. 183 (codified as 12 U.S.C. § 1819 (b)(1), (b)(2)(A)).  Plaintiff argues that these amendments indicate that the Court should find diversity jurisdiction in this case. Indeed, in *Kirkbride v. Continental Cas. Co.* the Ninth Circuit did observe that there was a desire by Congress that district courts have federal question jurisdiction over "all suits of a civil nature in which the [FDIC] is a party. . . ." 933 F.2d 729, 731 (9th Cir. 1991).

Still, Plaintiff's argument misses the mark in two ways.  First the statute makes no mention of jurisdiction in cases in which the FDIC *is not* a party, which is the circumstance before the Court here.  In the eyes of the court, an LLC is considered to have an existence separate from its members. *See, e.g.*, *Abrahim & Sons Enterprises v. Equilon Enterprises, LLC*, 292 F.3d 958, 962 (9th Cir. 2002).  Therefore, it would be inappropriate for the court to treat Plaintiff as if it *were* the FDIC.  Moreover, the FDIC is not even Plaintiff's managing member, so it would be quite a stretch indeed for the Court to view the actions of Plaintiff as if the FDIC were a party to the suit. (*See* Pl.'s Mot. for Default J., 3:16-17.)

Second, the amendments to the FDIA only address changes regarding the FDIC's treatment in terms of federal agency jurisdiction and federal question jurisdiction without any mention of changing the treatment of the FDIC for the purposes of federal diversity jurisdiction. *See* 12 USC 1819(b)(1) (extending federal agency jurisdiction under 28 U.S.C. § 1345 to cases in which the FDIC is a plaintiff); 12 U.S.C. § 1819(b)(2)(A) (defining any suit in which the FDIC is a party as "aris[ing] under the laws of the United States"); *see also* U.S. Const. art. III, § 2.  Without a specific charge by Congress to change the way the FDIC is viewed as a citizen for the purposes of diversity, this Court

declines to contravene nearly a century of precedent defining the FDIC, like any federally

chartered corporation, as a national citizen of no particular state.

C. Contentions Regarding Whether this Court can Disregard the Citizenship of the FDIC

Plaintiff next argues that the FDIC's citizenship status can be disregarded, and the

Court need only look to the citizenship of Plaintiff's other members in determining

whether there is jurisdiction under § 1332.  These arguments draw upon cases in which

courts have (1) looked past the FDIC's citizenship when it acts a receiver, (2) disregarded

the citizenship of entities that are not yet party to a suit, or (3) overlooked the citizenship

of nominal parties.  Each of the lines of doctrine cited by Plaintiff is inapplicable to this

case, and therefore is not persuasive.

*1. Applicability of Precedents in Which the FDIC Acted as a Receiver*

Plaintiff cites to authority in which the court has looked to the citizenship of a

bank being received by the FDIC instead of the FDIC itself. *FDIC v. Linquist*, 702 F.

Supp 749, 750-51 (D. Minn. 1989).  Even if *Linquist* was found persuasive, its

applicability today is questionable, as it was decided prior to the 1989 amendments to the

FDIA, which granted United States district courts federal agency jurisdiction in cases

wherein the FDIC acted as the plaintiff. 12 U.S.C. § 1819(b)(1) (2006).  In *Linquist*, the

court stated that when the FDIC was the plaintiff in a case in which it was acting as a

receiver for banks that were themselves diverse, then its citizenship could be overlooked.

Even if the Court extended *Linquist* here, by applying the same reasoning even after the

FDIC has transferred a loan obtained from a received bank to a separate entity, it would

see that the FDIC came to hold its interest in receivership from Silver State Bank, itself a

citizen of Nevada and a nondiverse party.  Therefore, even if the Court were to find

*Linquist* persuasive, and magnify the scope of its holding to encompass the situation at

hand, Plaintiff's jurisdictional problems would be turned around 360 degrees, and this

case would still fail to meet the requirement of complete diversity.

> *2. Applicability of Precedents Disregarding Yet-Unjoined or Dispensable Parties*

Plaintiff argues that courts in the past have been able to achieve diversity

jurisdiction by disregarding the citizenship of yet-unjoined non-diverse entities. *See*

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005).  Similarly, in order to preserve

jurisdiction, district courts have the power to dismiss "jurisdictional spoilers," parties

who are dispensable and nondiverse. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490

U.S. 826, 830-31 (1989).  Because of these doctrines, Plaintiff argues diversity

jurisdiction is not destroyed in this case.  However, the jurisdictional concern before the

Court does not regard a party that could yet be joined, nor one that is conceivably

dispensable.  The nondiverse party in this case is the *plaintiff itself*, whose citizenship

under § 1332 is determined by reference to the citizenship of its members. *See Johnson v.*

*Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006).  These unrelated

doctrines do not support a finding of diversity jurisdiction here, because the sole plaintiff

is clearly neither an unnamed party nor a dispensable one.

> *3. Applicability of Precedents Disregarding Nominal Parties*

Plaintiff next argues that a finding in favor of jurisdiction is supported by

precedent regarding nominal parties.  Indeed, "a federal court must disregard nominal or

formal parties and rest jurisdiction only upon the citizenship of real parties to the

controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).  Nominal parties are

those who have "no control of, impact on, or stake in the controversy." *Lincoln Prop. Co.*

*v. Roche*, 546 U.S. 81, 92, (2005) (citing *Wood v. Davis*, 18 How. 467, 469-470 (1856)).

What's particularly ironic about the attempt to classify the FDIC as a nominal party in this case is that the FDIC is, in fact, neither merely nominal, nor a party.  The FDIC still bears 60% ownership of Plaintiff's sole member. (Pl.'s Mot. for Default J., 3:16.)  As such, it will be entitled to a significant amount of relief if there is a judgment in Plaintiff's favor.  Thus, it would be illogical to say that the FDIC has "no stake in the controversy."  Furthermore, the Supreme Court has directly rejected the argument that courts could disregard the citizenship of some members of a non-corporate partnership when determining whether there is jurisdiction under §1332. *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990).  Concordantly, the fact that the FDIC is not even a party to this suit equally brings it outside the application of the nominal *party* doctrine.  Accordingly, the nominal party doctrine is not applicable here because the FDIC has a financial interest in this suit and is not a party.

 D. Contentions Regarding Process for Determining the Citizenship of an LLC

Plaintiff's last line of analysis contends that the Ninth Circuit incorrectly views LLCs as having the citizenship of each of their members.  Plaintiff attempts to call into question the Ninth Circuit's standard that "like a partnership, an LLC *is* a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) (emphasis added).  Plaintiff argues that this standard is in direct conflict with the Supreme Court's decision in *Carden v. Arkoma Associates*, which held that partnerships are not themselves citizens, but should be treated as having the citizenships of each of their members. 494 U.S. 185, 189 (1990).  Indeed, the Supreme Court has stated "a partnership entity . . . does not rank as a citizen." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (citing *Carden*, 494 U.S. at 189).

Each of the cases they cite in support mirrors the substance of the Ninth Circuit's standard for determining the citizenship of a partnership. *See Carden v. Arkoma Associates*, 494 U.S. 185 (1990) (holding that the citizenship of an artificial entity, such

as a partnership, is equivalent to the citizenships of all of its members); *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179, 184 (3d Cir. 2008) (stating that a "partnership's citizenship as a party is determined by reference to all partners"); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003)(stating that diversity jurisdiction was unavailable because one of the members of the defendant partnership was a stateless U.S. citizen).

This Court does not consider the Ninth Circuit's standard wholly invalid based on the inconsistencies between viewing LLCs *as* citizens of each place that their members are citizens, and the view that an LLC is not a citizen of any state, but should be *treated* as having the citizenship of each of its members.  Such a minor inconsistency does not provide adequate justification to reject the consensus conclusion of all courts which have considered the issue, that LLCs are citizens of every state in which their members are citizens. *Johnson*, 437 F.3d at 899; *Gen. Tech. Applications, Inc. v. Exro Ltd.*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

There exist several cases, some contravening the precedent of their respective circuits, that, without discussion, have considered the citizenship of an LLC to be its state of incorporation and principal place of business. *See Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc.*, 415 F.3d 1158, 1162 (10th Cir. 2005) (finding that the plaintiff was a citizen of its principal place of business and state of incorporation for diversity purposes after incorrectly referring to it as a "limited liability corporation."); *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1237 (11th Cir. 2005) (inquiring into the state of incorporation and principal place of business of an LLC to determine its citizenship);

*Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co., Inc.*, 395 F.3d 338, 341 n. 5 (6th Cir. 2005) (identifying plaintiff LLC's principal place of business when noting that it invoked diversity jurisdiction).  However, these cases are distinct in that none directly mentioned the issue of the citizenship status of an LLC, and no party in any of these cases appears to have contested the issue of an LLC's citizenship.  Furthermore, even if these cases were viewed as favoring the corporation-like treatment of LLCs for diversity purposes, there exists no similar case in the Ninth Circuit, whose treatment of LLCs for diversity remains absolutely clear. *See Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006).

In light of the heavy precedent both from the Supreme Court and the Ninth Circuit, this Court's holding mirrors those of two other recent cases before it, that a plaintiff LLC which counts the FDIC among its members is not eligible for diversity jurisdiction because of the FDIC's status as a national citizen "of no particular state." *Res-NV TVL, LLC v. Town Vistas, LLC*, No. 2:10-CV-1084 JCM (PAL), ECF No. 71 (D. Nev. Oct. 21, 2011); *RES-NV APC, LLC v. Astoria Pearl Creel, LLC*, No. 2-11-CV-00381 LDG (RJJ), ECF No. 32 (D. Nev. Nov. 4, 2011).  Accordingly this Court does not have subject-matter jurisdiction over this action and must therefore be dismissed.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff CML-NV One's Motion for Default Judgment (ECF No. 15) is **DENIED**.  The action is **DISMISSED** for lack of jurisdiction.

DATED this ____11____ day of _____July_____, 2012.

_____
Gloria M. Navarro
United States District Judge